UNITED STATES of America, Appellee,

v.

**J. A. Ray NEEL, aka Ray Henry Barnes, Jr., Appellant.**

No. 76–1330.

United States Court of Appeals, Ninth Circuit.

Dec. 3, 1976.

Rehearing and Rehearing En Banc Denied Feb. 1, 1977.

Milton Berger, White Plains, N. Y., for appellant.

Douglas F. Graham, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before ELY, CARTER, and GOODWIN, Circuit Judges.

PER CURIAM:

In an indictment containing six counts, Neel was charged with various offenses relating to the income tax laws of the United States. Following negotiations between his attorney and a representative of the prosecution, Neel pleaded guilty to the indictment's count two, which charged Neel with having lawfully and knowingly attempted to evade income tax owed to the Government by Neel for the calendar year 1970. The remaining counts of the indictment were dismissed at the request of the prosecution.

Pursuant to the requirements of Rule 11, Fed.R.Crim.P., the district judge requested the prosecutor to recite, in general, the evidence that would be produced on behalf of the prosecution in the event of trial. The requested recitation was made, whereupon the defendant replied that one minor statement of the prosecution in respect to the name of a mutual savings association was incorrect. A colloquy then occurred as follows:

"THE COURT: With the change in the name, Mr. Neel, was it a correct statement of the facts, sir?"

"THE DEFENDANT: Yes, sir."

Thereafter, the court directed inquiries to Neel as to portions of the indictment alleging Neel's intent. When Neel replied, in part, ". . . No, I did not make a return but it was not with the intention of evading the tax," the court first asked Neel why the latter was pleading guilty and then directed its attention to Neel's attorney. The latter uttered a rather lengthy discourse as to the problems confronting Neel, concluding with the statement to the effect that he and Neel, after considering all the circumstances, had determined that Neel's wisest choice was to enter a plea of guilty to count two, as Neel had done. The district judge then asked Neel if he had heard the remarks just made by his attorney and if it were true that the plea of guilty had been induced by the considerations outlined by defense counsel. Neel replied that this was the case, and after receiving answers to additional questions as to Neel's knowledge relating to the appropriate penalties and his, Neel's satisfaction with the representations made by his attorney, the judge accepted the plea. Having been assessed the maximum prescribed penalty of confinement, Neel brought an appeal to this court.

██ The only argument here made by Neel is that the District Court abused its discretion in accepting Neel's plea of guilty because (1) the plea was coupled with a protestation of innocence and (2) there was an insufficient factual basis for the plea. We reject the argument. The Supreme Court has held that a trial judge may accept a plea of guilty coupled with a protestation of innocence provided there is a strong factual basis for the plea. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The court need not be convinced beyond a reasonable doubt that an accused is guilty. It need only be convinced that there is sufficient evidence to justify the reaching of such a conclusion. *See also United States v. Webb,* 433 F.2d 400 (1st Cir. 1970), and *Maxwell v. United States,* 368 F.2d 735, 739 (9th Cir. 1966).

██ Here, Neel admitted that he had earned income under an assumed name. *See United States v. Catalano,* 491 F.2d 268 (2d Cir. 1973); *Gendelman v. United States,* 191 F.2d 993 (9th Cir. 1951). Neel admitted that he had maintained stock assets in the name of his wife and had directed the payment of commissions to her. He also admitted that he had employed the use of three different social security numbers in connection with the earning of his income, an activity that would appear to fall within the ambit of *Spies v. United States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1942).

Finally, Neel admitted to the court that he had made a false statement to an internal revenue agent in December, 1972. As to this, see *United States v. Calles,* 482 F.2d 1155 (5th Cir. 1973), and *United States v. Newman,* 468 F.2d 791 (5th Cir. 1972).

In the light of all the foregoing, we reach the conclusion that Neel's appeal borders on the frivolous. Accordingly, the judgment of conviction is

AFFIRMED.