963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Lee VALDEZ, Defendant-Appellant.
 No. 91-10255.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1992.
Decided May 13, 1992.
 
 Before CHAMBERS, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dennis[1] Lee Valdez was charged with three counts of tax evasion in violation of 26 U.S.C. § 7201; making a false statement under oath in violation of 26 U.S.C. § 7206; and making a false statement to an IRS agent in violation of 18 U.S.C. § 1001. After a jury trial, he was convicted on all five counts.
 
 
 3
 On appeal, Valdez argues that there was insufficient evidence to support the jury verdict and that the district court erred by refusing to give a good faith instruction, refusing to dismiss the indictment, and admitting evidence of his prior conviction. Valdez also contends the verdict was based on jury misconduct and that the sentence was based on an improper basis.
 
 I. Insufficient Evidence
 
 4
 "The relevant question [on whether the evidence was insufficient] is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 To establish that tax evasion has occurred in violation of 26 U.S.C. § 7201, the Government must prove the following elements: (1) the existence of a tax deficiency, (2) willfulness, and (3) an affirmative act constituting an evasion or an attempted evasion. Sansone v. United States, 380 U.S. 343, 351 (1965); United States v. Marabelles, 724 F.2d 1374, 1377 (9th Cir.1984).
 
 
 6
 a. The existence of a tax deficiency
 
 
 7
 The record shows that fifteen witnesses testified they paid money directly to Valdez during the years in question. Thirteen of the witnesses stated that they paid Valdez for accounting services he provided to them in 1983, 1984, and 1985. In his opening brief, Valdez agrees: "Numerous witnesses testified that the checks given to the defendant were for accounting services and for repayment of loans and for repayment of taxes which had been paid by the appellant." Four witnesses testified to specific amounts they paid Valdez for accounting services.[2] A rational trier of fact could have found there was a tax deficiency beyond a reasonable doubt.
 
 
 8
 b. Willfulness
 
 
 9
 Valdez failed to provide any records to the IRS, except for a savings account. We have held that "the absence of business records establishe[s] willfulness." United States v. Hom Ming Dong, 436 F.2d 1237, 1240 (9th Cir.1971).
 
 
 10
 c. Act constituting an evasion or an attempted evasion
 
 
 11
 The failure to file an income tax return is, by itself, insufficient to constitute an affirmative act of attempted tax evasion. The willful failure to file is a misdemeanor under 26 U.S.C. § 7203, while a violation of section 7201, which requires a willful attempt to evade or defeat a tax, is a felony. Spies v. United States, 317 U.S. 492, 493-94 (1943).[3]
 
 
 12
 The evidence demonstrates that Valdez willfully attempted to evade or defeat a tax. He signed under penalty of perjury a Collection Information Statement, IRS Form 433-A, stating that he lived on payments from social security and assistance from his family. However, the testimony of thirteen witnesses that they paid Valdez for accounting services contradicts his assertion that he lived exclusively on social security and parental assistance.
 
 
 13
 Where there is failure to file a return coupled with false statements, the requirement of an affirmative act constituting tax evasion is met. Cf. United States v. Neel, 547 F.2d 95, 96 (9th Cir.1976) (per curiam) (sufficient evidence of tax evasion where there was earned income under an assumed name, the use of three different social security numbers, and a false statement to an I.R.S. agent).
 
 II. The Good Faith Instruction
 
 14
 A defendant is entitled to an instruction covering his theory of a defense if the instruction has a basis in the law and there is some foundation for it in the evidence. United States v. Ibarra-Alcarez, 830 F.2d 968, 973 (9th Cir.1987).
 
 
 15
 Valdez presented no evidence regarding his good faith understanding of the income tax laws. The only reference to a good faith belief was a question that was ordered stricken as leading. The mere statement of what a defendant thinks about his tax situation, with no evidentiary foundation, is not sufficient to show good faith. See Cheek v. United States, 111 S.Ct. 604, 607 (1991) (Supreme Court describes considerable evidence produced at trial to support a good faith belief); cf. United States v. Powell, No. 90-10060 (slip op. June 13, 1991) (defendants relied on a specific section of the tax code for their good faith belief that they did not have to file a return).
 
 III. The Refusal To Dismiss The Indictment
 
 16
 Valdez claims that evidence of his business expenses was "clearly exculpatory evidence which would have created a serious question as to whether or not the Grand Jury would have indicted the appellant for tax evasion." He claims it was prosecutorial misconduct not to submit this evidence to the second Grand Jury.
 
 
 17
 There is no basis in the law for Valdez' assertion that the record of his expenses was "clearly exculpatory." The court's instruction explains the law:
 
 
 18
 A person is required to file a return if his gross income for the calendar years 1983 and '84 exceeded $3,300, and for 1985 exceeded $3,430, even though that person may be entitled to deductions from that income so that no tax is due.
 
 
 19
 RT 2/12/91 at 754, lines 20-25. There was no evidence before the Grand Jury or at trial that Valdez' income in 1983, 1984, or 1985 was below the minimum necessary to trigger the statutory filing requirement or that he had not made false statements, both of which trigger the violation of section 7201.
 
 IV. Jury Misconduct
 
 20
 Valdez contends that the jury engaged in misconduct when it took a calculator into the jury room "for reasons known only to the jury." This contention is frivolous. After the parties rested their case, Valdez agreed the jury could use a calculator:
 
 
 21
 The Court: The jury has requested the use of a calculator during their deliberations. Assuming there's no objection, I will send one down with them.
 
 
 22
 Mr. Conklin: That's fine, your Honor.
 
 
 23
 Mr. Capozzi [Valdez' counsel]: I have no objection.
 
 
 24
 The Court: Very good.
 
 
 25
 RT 2/13/91 at 830, lines 18-24.
 
 
 26
 V. Admission of the Prior Conviction for Perjury
 
 
 27
 Before trial, the court ruled that evidence of Valdez' 1978 conviction for perjury would be admitted. Valdez argues that the admission of this evidence violates Federal Rule of Evidence 609(b)[4] because the conviction was over ten years old.
 
 
 28
 The Abstract of Judgment from Kern County, California, shows that Valdez was convicted of perjury on April 27, 1978. His probation in the perjury case was revoked when he was charged on October 9, 1980, with attempted burglary, a violation of California Penal Code 664/459. Following trial, Valdez was confined, according to the government.
 
 
 29
 Although the record contains no indication when Valdez was released from custody, Valdez has produced no evidence to show it was outside of the ten year limit. The district court did not abuse its discretion to admit the evidence of the prior conviction. See United States v. Charmley, 764 F.2d 675, 677 (9th Cir.1985).
 
 VI. The Sentence
 
 30
 Valdez argues that he was sentenced to twelve months because the Court had a "mistaken belief that a self-employment tax was due on the appellant's gross business receipts." Even though the record does not reflect any basis for the judge's statement, Valdez was sentenced within the statutory bounds in this pre-Guidelines case and the court did not sentence him to the maximum possible sentence. There is no indication that the Eighth Amendment is implicated. Under these circumstances, the sentence was proper. See United States v. Jerome, 942 F.2d 1328, 1332 (9th Cir.1991).
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The defendant spells his name "Denis," not "Dennis." ER tab 11, at 1303 line 15. However, all the pleadings and briefs are captioned "Dennis Lee Valdez."
 
 
 [2]
 Alexandra Perez, $200 per month (RT 2/5/91 at 75-76); Ninberg, billed for $350 per month (RT 2/5/91 at 119-122); Ray Ralls, 100 per month each month in 1985 (RT 2/6/91 at 201); Augustine Salcido, $75.00 per month (RT 2/6/91 at 243)
 
 
 [3]
 The statutory language construed in Spies is identical to the version currently in force
 
 
 [4]
 Rule 609(b) states in relevant part:
 Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.