**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Fred RABBAN, Defendant—Appellant.**

**No. 00–50673.**

**D.C. No. CR–97–00176–HLH–02.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2001.\*

Decided Oct. 12, 2001.

Before FERNANDEZ, KLEINFELD, and MCKEOWN, Circuit Judges.

## MEMORANDUM \*\*

Rabban is not in custody, so we construe his petition as a writ of error *coram nobis*, and we review *de novo* the district court's denial of his petition for relief.[1]

Rabban first argues that the district court failed to explain adequately the nature and elements of the charge of aiding and abetting in a violation of 18 U.S.C.

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Alber*, 56 F.3d 1106, 1109 (9th Cir.1995).

§ 1014.[2] We disagree. The district court explained the nature and consequences of the charges, and also warned Rabban that a conviction "could cause the state authorities to revoke [his] real estate broker's license." Rabban said he understood this. The district court also correctly found an adequate factual basis on which to accept Rabban's guilty plea, as the evidence before the district court showed that Rabban and his co-defendant acted with knowledge that their false statements would be submitted on a loan application to the FDIC.[3] The district court thus complied with the requirements of Fed.R.Crim.P. 11(c) and 11(f).

Rabban's claim of actual innocence similarly fails. To show actual innocence in a collateral proceeding, a petitioner must present "new reliable evidence" and must "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."[4] Rabban makes no such showing.

Accordingly, the petition for review is DENIED.

---

**2.** *See* Fed.R.Crim.P. 11(c) advisory committee's notes (1974) (requiring district court to explain nature of offense charged and direct, but not collateral, consequences of plea); *United States v. Littlejohn,* 224 F.3d 960, 965 (9th Cir.2000).

**3.** *See United States v. Alber,* 56 F.3d 1106, 1110 (9th Cir.1995) (requiring district court to determine on basis of all evidence before it at time of judgment that defendant's conduct matches offense charged); *United States v. Neel,* 547 F.2d 95, 96 (9th Cir.1976) (*per curiam* ) (providing that district court need not find guilt "beyond a reasonable doubt" to accept guilty plea); *see also North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (allowing trial court to accept guilty plea even in face of defendant's assertion of innocence, if evidence provides "strong" factual basis).

**4.** *Schlup v. Delo,* 513 U.S. 298, 299, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir.2000).

