United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alejandro MARMOLEJO–
HERNANDEZ, Defendant–Appellant.**

No. 00–50488.
D.C. No. CR–00–254–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2002.*

Decided Feb. 22, 2002.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Before ARCHER,** O'SCANNLAIN
and SILVERMAN, Circuit Judges.

### MEMORANDUM***

Alejandro Marmolejo–Hernandez ("Marmolejo–Hernandez") appeals his conviction and sentence following his guilty plea to one count of being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

### I.

■ Marmolejo–Hernandez first argues that the district court violated Fed. R.Crim.P. 11(f) by failing to determine if a sufficient factual basis existed to establish that he was an "alien," which is an element of the offense under 8 U.S.C. § 1326(a). We review the adequacy of a Rule 11 plea hearing de novo. *United States v. Alber*, 56 F.3d 1106, 1109 (9th Cir.1995).[1] At the plea hearing, the district court did not expressly ask Marmolejo–Hernandez whether he was a citizen of another country or territory. Nonetheless, Marmolejo–Hernandez acknowledged on the record at the hearing that he previously had been deported from the United States, and that he did not receive permission from either the Attorney General of the United States or the Immigration and Naturalization Service to reapply for admission to this country. This acknowledgment is circumstantial evidence that Marmolejo–Hernandez is an alien, and is sufficient to provide an adequate factual basis for the plea, even if it would not alone suffice to prove his alienage beyond a reasonable doubt. *See United States v. Lomow*, 266 F.3d 1013, 1017–18 (9th Cir.2001) (holding that circumstantial evidence supported a finding

---

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. Marmolejo–Hernandez's failure to raise this issue below is immaterial. Rule 11 errors receive de novo review on direct appeal regardless of whether they were raised in the trial court. *See United States v. Odedo*, 154 F.3d 937, 940 (9th Cir.1998); *see also United States v. Neel*, 547 F.2d 95, 96 (9th Cir.1976) (performing de novo review of the factual basis of a plea under Rule 11(f) without any indication that the defendant challenged the plea below).

of factual basis under Rule 11(f)); *cf. United States v. Ramirez–Cortez,* 213 F.3d 1149, 1158 (9th Cir.2000). Further, Marmolejo–Hernandez was informed at the hearing that alienage was an element of the charge, and he did not contend at the hearing, and does not now contend, that he is not an alien.

### II.

Marmolejo–Hernandez also argues that his plea was involuntary because the district court did not adequately inform him of the nature of the charge against him as required by Fed.R.Crim.P. 11(c)(1). Whether the trial court's colloquy with the defendant satisfies the requirements of Rule 11(c) is reviewed de novo, even if the issue was not raised below. *See, e.g., Odedo,* 154 F.3d at 940; *United States v. Smith,* 60 F.3d 595, 597 n. 1 (9th Cir.1995). Illegal reentry after deportation pursuant to 8 U.S.C. § 1326 is a simple charge. *See United States v. Ayala,* 35 F.3d 423, 425 (9th Cir.1994). The elements of the offense are (1) discovery in the United States; (2) of an alien; (3) who was deported from the United States; and (4) who reentered the United States without the permission of the Attorney General. *United States v. Corona–Garcia,* 210 F.3d 973, 980 (9th Cir.), *cert. denied,* 531 U.S. 898, 121 S.Ct. 231, 148 L.Ed.2d 165 (2000).

■ At the plea hearing, Marmolejo–Hernandez was represented by counsel and assisted by an interpreter. The district court read the indictment to Marmolejo–Hernandez and asked him if he was guilty of its charge. Marmolejo–Hernandez responded intelligently, did not ask for clarification of the charge, and does not contend on appeal that he misunderstood the nature of the charge or that the indictment did not summarize the elements of the offense. The district court then immediately questioned Marmolejo–Hernandez as to the factual basis and the nature of the charge, and so determined that Marmolejo–Hernandez understood it. For this simple illegal return after deportation charge, the district court's colloquy with Marmolejo–Hernandez satisfied Rule 11(c)(1). *See United States v. Bruce,* 976 F.2d 552, 560 (9th Cir.1992); *United States v. Rivera–Ramirez,* 715 F.2d 453, 457 (9th Cir.1983) (holding on a collateral attack that the district court's reading of a "detailed indictment allowed [defendant], aided by his attorney and an interpreter, to understand the charges against him").

### III.

We need not address Marmolejo–Hernandez's final argument that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Marmolejo–Hernandez concedes that this issue, which was not raised below, is controlled by *United States v. Pachedo–Zepeda,* 234 F.3d 411, 414 (9th Cir.) (as amended), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

AFFIRMED.