**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOACHIM BENZ,
            *Defendant-Appellant.*

No. 06-10167

D.C. No.
CR-04-00445-MCE

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted
December 7, 2006—San Francisco, California

Filed December 28, 2006

Before: Myron H. Bright,* Dorothy W. Nelson, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge D.W. Nelson

---

*The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

20029

**COUNSEL**

Ann McClintock, Assistant Federal Defender, Sacramento, California, for the appellant.

Livia Morales, Staff Attorney, Federal Defenders, Sacramento, California, for the appellant.

Linette K. Davis, Law Clerk, Federal Defenders, Sacramento, California, for the appellant.

Samantha Spangler, Assistant United States Attorney, Sacramento, California, for the appellee.

**OPINION**

D.W. NELSON, Senior Circuit Judge:

Joachim Benz ("Benz") appeals his guilty plea conviction and the sentence that was imposed for his driving on a suspended license, in violation of the Assimilative Crimes Act

("ACA"), 18 U.S.C. § 13, and section 14601 of the California Vehicle Code. Benz argues that the district court erred in: (1) rejecting his contention that California's provision on work furlough, section 4024 of the California Penal Code, was assimilated under the ACA and therefore the court had discretion to impose an alternative sentence from the mandatory minimum ten-day prison term required under § 14601.2; and (2) affirming the magistrate judge's sentence despite his failure to inform Benz of the mandatory minimum, in violation of Federal Rule of Criminal Procedure 11(b)(1)(I). We hold that the district court correctly determined that the magistrate judge did not have discretion to impose an alternative sentence under the ACA. However, the district court erred in affirming the conviction in light of the violation of Federal Rule of Criminal Procedure 11(b)(1)(I). We therefore reverse the conviction and remand to the district court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In September 2004, the government charged Benz with driving with a license that was suspended for his having previously driven under the influence, in violation of section 14601.2(a) of the California Vehicle Code, and driving with an invalid drivers license, in violation of section 12500(a) of the California Vehicle Code. The charges stemmed from a traffic stop that occurred at Beale Air Force Base. Appearing before the magistrate judge, Benz pled not guilty to the charge. Benz later changed his plea to guilty on count one, driving with a suspended license, without accepting the government's plea offer. During the plea colloquy, the magistrate judge presiding over the matter did not inform Benz of the mandatory minimum penalty under § 14601.2. The magistrate then proceeded to sentencing.

At sentencing, Benz contended that under the Assimilative Crimes Act, 18 U.S.C. § 13, the court could impose an alternative punishment to the mandatory minimum required under § 14601.2. Benz did not specify what type of alternative pun-

ishment the court had discretion to impose. The magistrate
determined that it did not have this discretion and sentenced
Benz to the mandatory minimum sentence of ten days in
prison to be served intermittently, unsupervised probation,
and a $500 fine. The district court affirmed the sentence, find-
ing that even if there was a Rule 11 violation, it did not affect
the fairness, integrity or public reputation of the proceedings
and that the magistrate judge did not have discretion to
impose an alternative punishment of work release under the
ACA.

## II.   STANDARD OF REVIEW

We review the magistrate court's interpretation of the ACA
de novo. *United States v. Launder*, 743 F.2d 686, 688-89 (9th
Cir. 1984). Since Benz did not raise the court's failure to
include the mandatory minimum advisement in the Rule 11
colloquy before the magistrate or district court, we review this
issue for plain error. *Jones v. United States*, 527 U.S. 373, 388
(1999). Under the plain error standard, relief is not warranted
unless the defendant can show that there has been (1) error,
(2) that is plain, (3) that affected substantial rights, and (4)
that seriously affected the fairness, integrity or public reputa-
tion of the judicial proceedings. *Id.* at 389.

## III.   DISCUSSION

### A.   *The Assimilative Crimes Act*

**[1]** Benz contends that under the ACA, the magistrate judge
had discretion to impose a sentence other than the statutory
minimum ten day prison term prescribed under section
14601.2(d)(1) of the California Vehicle Code. The ACA
states:

> Whoever within or upon [a federal enclave] is guilty
> of any act or omission which, although not made
> punishable by any enactment of Congress, would be

punishable if committed or omitted within the juris-
diction of the State, Territory, Possession, or District
in which such place is situated, by the laws thereof
in force at the time of such act or omission, shall be
guilty of a like offense and subject to a like punish-
ment.

18 U.S.C. § 13(a). The purpose of the ACA is "to ensure the
uniformity of crimes and punishments, and to promote the
spirit of comity in the federal system." *United States v. Sylve*,
135 F.3d 680, 682 (9th Cir. 1998). Benz argues that a Califor-
nia state judge could have sentenced him to work release
under a provision in the California Penal Code, which states:

Notwithstanding any other law, the board of supervi-
sors of any county may authorize the sheriff or other
official in charge of county correctional facilities to
offer a voluntary program under which any person
committed to the facility may participate in a work
release program . . . in which one day of participa-
tion will be in lieu of one day of confinement.

CAL. PENAL CODE § 4024.2(a). Therefore, according to Benz,
a federal judge has discretion under the ACA to impose an
alternative punishment, such as community service, that is
'like' work release.

[2] This argument lacks merit because California state
judges do not have the discretion to impose work release
under § 4024.2(a). According to the plain language of the stat-
ute, a county board of supervisors may create a work release
program that can be offered by a sheriff after a person has
been committed to a correctional facility. The California
Supreme Court has held that if a board of county supervisors
creates a work release program, judges do not have the power
to sentence to work release. *Ryan v. Comm'n on Judicial Per-
formance*, 754 P.2d 724, 736 (Cal. 1988). In particular, the
court held, "a judge has the power to commit a person to a

correctional facility, but then the administrative official in charge of the facility has the discretionary power to offer work release if the person is deemed eligible under the rules of the program." *Id.*

[3] Thus, the magistrate judge in this case did not have discretion to impose an alternative "like punishment" under the ACA because there is no California penal provision that would allow a state judge to impose an alternative punishment to the ten-day mandatory minimum under § 14601.2.

## B.   Federal Rule of Criminal Procedure 11

[4] Benz also argues that the magistrate judge plainly erred in failing to advise him of the mandatory minimum sentence under section 14601 of the California Vehicle Code during the plea colloquy as required under Federal Rule of Criminal Procedure 11. Before a court can accept a guilty plea, Rule 11 mandates that the court "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands," *inter alia*, "any mandatory minimum penalty." FED. R. CRIM. P. 11(b)(1)(I).

[5] The record shows, and the government acknowledges, that the magistrate judge did not advise Benz of the mandatory minimum jail term during the plea colloquy prior to its acceptance of the plea. The government also concedes that the magistrate judge committed error that was plain and that the error affected Benz's substantial rights. *See United States v. Adams*, 432 F.3d 1092, 1096 (9th Cir. 2006) (holding that the court's failure to advise the defendant of a mandatory minimum fine amounted to plain error affecting the defendant's substantial rights "to enter a knowing, voluntary, and intelligent plea.")

[6] The government only contests whether the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. We have held that acceptance of a

guilty plea affects the fairness, integrity, and public reputation of the judicial proceedings in cases in which "we cannot know whether the defendant would have pleaded differently if he had been properly informed." *Id.* (citation and internal quotation marks omitted). When considering the effect of a Rule 11 error, we may look beyond the plea colloquy to "other portions . . . of the limited record made in guilty plea cases." *United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006) (citation and internal quotation marks omitted) (omission in original). The government contends that Benz was aware of the statutory minimum jail term prior to entering his guilty plea, and therefore, would not have pleaded differently with proper Rule 11 notice. The government points to the following exchange between the court and government counsel immediately prior to the plea colloquy:

> THE COURT: Mr. Benz, before I can take your plea in this matter, let me ask this. Is the government seeking any incarceration?

> MS. CARROLL [counsel for Benz]: No, we would recommend that the appropriate punishment in this case is just a fine, and court ordered probation and —

> THE COURT: Well, I know what you're recommending, but it's the government that gets to choose whether they're seeking incarceration or not. Are you doing that in this case? Is there any possibility?

> MR. WHIDDEN [counsel for the government]: Yes, Your Honor. Under the 14601.2, which is what the defendant has been charged with, there is a minimum statutory of 10 days, and the government requests that be implemented because the defendant has not had his —

> THE COURT: In other words, you're seeking incarceration?

MR. WHIDDEN: Of 10 days, yes, Your Honor.

The government suggests that Benz' awareness of the statutory minimum in this case is analogous to the awareness of the defendant in *United States v. Ma*, 290 F.3d 1002 (9th Cir. 2002), in which we held that the prosecuting attorney's summarization of the appellate waiver in open court was sufficient to demonstrate the fairness and integrity of the plea proceedings. However, *Ma* is not in fact analogous because in that case the defendant responded affirmatively to the district court's questioning regarding whether the summary comported with her understanding of the plea agreement and also acknowledged in writing that she read and understood the plea agreement. *Id.* at 1005. In contrast, the magistrate judge in this case did not direct any questions to Benz regarding his understanding of the mandatory minimum sentence, and Benz never signaled any understanding of that sentence during the plea colloquy or elsewhere before pleading guilty.

**[7]** In this case, the prosecutor's reference to the minimum sentence failed to establish Benz's understanding because it was unclear, it was not addressed to him, and the court did not determine whether he understood the mandatory minimum. In accordance with our precedent, the prosecutor's reference to a "minimum statutory of 10 days" was insufficient to inform the defendant of the mandatory minimum sentence required by the statute. We have held that "a trial judge fails to satisfy his obligation under Rule 11 when . . . he does not fully inform the defendant of the meaning and application of legal argot and other legal concepts that are esoteric to an accused . . ." *United States v. Pena*, 314 F.3d 1152, 1156 (9th Cir. 2003) (citation and internal quotation marks omitted) (omission in original). "Minimum statutory of 10 days" is the type of legal argot that was likely esoteric to the accused in this case.

**[8]** In addition, the record shows that even the magistrate judge continued to be confused about the mandatory mini-

mum sentence requirement after the plea colloquy, as demonstrated in the following exchange:

> MR. WHIDDEN: The government seeks a term of imprisonment of 10 days, and a fine of $300, for the special assessment of $10, Your Honor.
>
> THE COURT: All right. I need — I didn't have my — I don't have my Code out here with me today. I need to know about this Code. Is there — on probation, what are the — what's the story on probation?
>
> MR. WHIDDEN: With respect to jail time, or the probation, Your Honor?
>
> THE COURT: Well, usually in these cases there's like a mandatory minimum, but then when you get into the probation sections, its an either/or type situation. I just don't have the statute in front of me.

This exchange shows that the magistrate judge continued to labor under the impression that probation could be imposed as a substitute to incarceration. It is difficult to conceive that Benz would have a greater understanding than the judge that a mandatory minimum prison term was required as a result of his plea.

Finally, a statement by Benz at the conclusion of the sentencing hearing also supports the conclusion that he lacked understanding of the mandatory minimum sentence.

> THE COURT: Mr. Benz, you have the right to address the Court, if you'd like. Is there anything that you'd like to tell me?
>
> THE DEFENDANT: I don't know. I think I should not go 10 days in prison, you know. I have two kids, I have a family, I have bills, you know. I don't know

> if you want to punish me and not my family, you know.

If Benz was aware that as a result of his plea he was required to be sentenced to a ten day prison term, it would be highly unusual for him to contend that he should not have to go to prison.

[9] Therefore, we hold that the failure to inform the defendant of the mandatory minimum seriously affected the fairness, integrity, or public reputation of the judicial proceedings because we cannot know whether the defendant would have pled differently had he been informed of the mandatory minimum sentence as required under Rule 11.

## IV. CONCLUSION

We affirm the district court's holding that the magistrate judge lacked discretion to impose an alternative "like punishment" under the ACA for violations of section 14601 of the California Vehicle Code. We hold that the Rule 11 violation was plain error, REVERSE the conviction, and REMAND to the district court.

**REVERSED and REMANDED.**