**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Saul Basurto VALDEZ, Defendant—Appellant.**

No. 06–30419.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed June 13, 2007.

by 9th Cir. R. 36–3.

Lawrence R. Lincoln, Esq., Helen J. Brunner, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Carol A. Elewski, Esq., Tumwater, WA, for Defendant–Appellant.

Saul Basurto Valdez, Seattle, WA, pro se.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

### AMENDED MEMORANDUM *

Appellant Saul Basurto Valdez challenges his conviction by guilty plea, and his resulting ten-year sentence, under 21 U.S.C. § 841. Valdez argues that his conviction should be reversed based either on the lack of voluntariness of his plea, or on the magistrate judge's plain error, under Federal Rule of Criminal Procedure 11, in failing to advise him during his plea colloquy that (1) the charged offense carried a ten-year mandatory minimum sentence and (2) the government was required to prove drug amount as an element of the offense. Alternately, Valdez argues that his sentence should be vacated because his counsel was deficient in conceding that a safety valve that might have allowed the district court to sentence below the ten-year mandatory minimum, 18 U.S.C. § 3553(f), did not apply. We reverse Valdez's conviction based on the magistrate judge's plain error in failing to instruct Valdez of the mandatory minimum as required by Rule 11.

Rule 11 contains a checklist of consequences that a court must "inform the defendant of, and ... determine that the defendant understands" before accepting a guilty plea. *United States v. Covian–Sandoval,* 462 F.3d 1090, 1095 (9th Cir.2006). Among these is "any mandatory minimum penalty." Fed.R.Crim.P. 11(b)(1)(I). A plea colloquy "satisfying Rule 11's requirements will lead to a plea being considered knowing and voluntary, unless some misrepresentation or gross mischaracterization by counsel has tainted the plea." *United States v. Jeronimo,* 398 F.3d 1149, 1157 n. 5 (9th Cir.2005).

It is undisputed that the magistrate judge did not inform Valdez that his offense carried a mandatory minimum sentence of ten years as required by Rule 11(b)(1)(I). However, where, as here, the defendant failed to raise a Rule 11 violation below, we review for plain error. *United States v. Benz,* 472 F.3d 657, 658–59 (9th Cir.2006). Under this standard, we will reverse a conviction only if the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

defendant can show "(1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id.* at 659.

Given the magistrate judge's failure to comply with the unambiguous directive of Rule 11(b)(1)(I), Valdez has shown error that is plain. We further conclude that this plain error affected Valdez's substantial rights. There is a reasonable probability, sufficient to satisfy the plain error standard, that Valdez would have gone to trial, had he been informed, and understood, that he faced the same mandatory minimum sentence whether he pled guilty or went to trial on the single charged offense. *See United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (holding that a defendant who seeks reversal of a plea "must show a reasonable probability that, but for the error, he would not have entered the plea"); *see also Benz,* 472 F.3d at 660. Finally, we conclude that the magistrate judge's plain error seriously affected the fairness, integrity, and public reputation of Valdez's plea colloquy. The term "mandatory minimum" is "legal argot" that a defendant may not understand and thus warrants an exchange between the court and the defendant. *Benz,* 472 F.3d at 661. We find unpersuasive the government's argument that there is no plain error because Valdez might have learned of the mandatory minimum from sources other than the court during the plea colloquy. Rule 11 exists precisely because such other sources have been adjudged generally inadequate to ensure the fairness, integrity, and public reputation of the plea process. *See United States v. Arellano–Gallegos,* 387 F.3d 794, 796–97 (9th Cir.2004). Val-

dez's manifest confusion at the plea colloquy suggests there was a particular need for compliance with Rule 11 in his case.

Because we reverse Valdez's conviction based on the magistrate judge's plain error under Rule 11(b)(1)(I), we do not reach his other arguments.

**REVERSED.**