**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rogelio Umberto COTA–VALENZUE-LA, aka Rogelio Cota–Valenzuela, Defendant–Appellant.**

No. 06–10367.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

Beverly K. Anderson, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Rogelio Umberto Cota–Valenzuela, FCIT—Federal Correctional Institution, Homero Torralba, Esq., Law Offices of Homero Torralba, PC, Tucson, AZ, for Defendant–Appellant.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**224**

MEMORANDUM \*\*

Rogelio Umberto Cota–Valenzuela appeals from his conviction and 240–month sentence imposed following his plea of guilty to conspiracy to possess with intent to distribute, and possession with intent to distribute, over 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841. We have jurisdiction under 28 U.S.C. § 1291. We reverse the conviction and remand for further proceedings.

Appellant contends that the plea colloquy was defective because the magistrate judge did not inform him of the mandatory minimum sentence. Because appellant did not raise this claim in the district court, we review it for plain error. *See* Fed. R.Crim.P. 52(b); *United States v. Vonn,* 535 U.S. 55, 63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Even so, the magistrate judge's failure in this regard requires us to reverse appellant's conviction and remand for further proceedings. *See United States v. Benz,* 472 F.3d 657, 661–62 (9th Cir.2006).

Because we reverse and remand appellant's conviction, we need not reach his remaining contentions.

**REVERSED and REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.