**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50295 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01130- VBF-3 |
| v. | |
| BARAKA MTUMI RAFIKI BETTS, AKA BARAKA MTUMI BETTS | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted October 12, 2011
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON, Chief District Judge.[**]

Baraka Mtumi Rafiki Betts entered an open plea to three counts: (1)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for North Dakota, Fargo, sitting by designation.

conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; (2) armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d); and (3) use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Betts subsequently filed a motion to withdraw his guilty pleas for armed bank robbery (count two) and the firearm offense (count three). In the district court, Betts raised arguments regarding newly-discovered evidence and attorney representation that he has not renewed on appeal. Based on these arguments, Betts moved to withdraw his guilty pleas. The district court considered Betts' proffered grounds and found, either taken together or individually, they did not establish a "fair and just reason" for withdrawal of the guilty pleas. We affirm.[1]

Betts identifies two issues on appeal, both raised here for the first time. While Betts argues that abuse of discretion review is appropriate, we have previously established that plain error review is employed when new arguments are raised on appeal, even if the relief sought is the same as in the district court. *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008) ("we review issues . . . not properly raised before the district court for plain error"). Under the plain error standard, a defendant must show: (1) there has been an error; (2) the error was plain; (3) it affected substantial rights; and (4) it seriously affected the

---

[1]     Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

fairness, integrity, or public reputation of the judicial proceedings. *United States v. Benz*, 472 F.3d 657, 658-59 (9th Cir. 2006). Both issues are reviewed for plain error.

The first issue we consider is whether the district court erred in accepting Betts' guilty pleas to armed bank robbery and use of a firearm during a crime of violence because the factual basis was insufficient. When conducting a review for sufficiency of the factual basis for a plea, "a court need not rely on the plea colloquy alone and may conclude that a factual basis exists from anything that appears on the record." *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) (quotation omitted).

The evidence before the district court establishes a sufficient basis for Betts' guilty pleas to armed robbery and the firearm offense. Testimony was available to the district court showing: (1) Betts called co-defendant Latondrea Sanders about the planned robbery and where to meet; (2) Betts provided a gun to the robbers; (3) Betts later collected his gun and a gun stolen during the robbery; and (4) the robbers returned to Betts' residence following the heist. The district court also considered the contradictions between co-defendant Johnny Sabbath's trial testimony that Betts did not participate in the robbery with his earlier statements to Federal Bureau of Investigation agents that Betts was the "mastermind" of the

3

scheme.

This evidence was all before the district court prior to Betts' sentencing. During Betts' sentencing, the district court acknowledged the results of a polygraph examination that Betts claims proves his innocence. The court found, however, that this polygraph evidence was outweighed by other evidence demonstrating Betts' involvement, including Sabbath's and Sanders' statements. A court needs only a strong factual basis for a guilty plea and need not be convinced that there is sufficient evidence that an accused is guilty of the offense charged beyond a reasonable doubt. *United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1976). There was a strong factual basis sufficient to sustain Betts' guilty pleas and the denial of his motion did not constitute plain error. Even under an abuse of discretion standard, the district court's denial was proper, because its decision cannot realistically be considered illogical, implausible, or lacking support in inferences that may be drawn from the facts in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

The second issue Betts raises is that the district court erred in denying his motion to withdraw his guilty pleas because his lawyer failed to advise him of a plausible due process defense. Betts contends that under *United States v. Castaneda*, 9 F.3d 761 (9th Cir. 1993), and *United States v. Hoskins*, 282 F.3d 772,

776 (9th Cir. 2002), he was a "slight" conspirator who could not foresee the use of a firearm in the robbery. Under any reasoned analysis of the facts and circumstances of this case, Betts' involvement in the bank robbery was more than "slight." While a defendant does not have to demonstrate the defense would have been successful, previous counsel's alleged failure to inform Betts of a non-viable defense would not plausibly lead a reasonable person to decide not to plead guilty. Betts' argument on this issue fails under both plain error and abuse of discretion review.

Having shown no "fair and just" reason to justify withdrawal of his guilty pleas, we conclude the district court did not err in denying Betts' motion.

**AFFIRMED.**