**NOT FOR PUBLICATION**

FILED



JUL 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10050 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-0083-AWI |
| v. | |
| DANIEL OLUWA SESAN LEITCH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted March 13, 2017
San Francisco, California

Before: WALLACE, MCKEOWN, and BYBEE, Circuit Judges.

Daniel Leitch appeals from the judgment following his conviction and

sentence on one count of receipt or distribution of material involving the sexual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Leitch first asserts that the district court erred by failing to advise him, during his plea colloquy, of the five-year mandatory minimum sentence applicable to a violation of 18 U.S.C. § 2252(a)(2). Leitch also contends that the district court erred by failing to advise him of the mandatory minimum and maximum terms of supervised release he could receive. As Leitch did not raise these issues before the district court, we review for plain error. *United States v. Benz*, 472 F.3d 657, 658–59 (9th Cir. 2006). "Under the plain error standard, relief is not warranted unless the defendant can show that there has been (1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id*. at 659.

Rule 11(b) requires that a district court taking a defendant's guilty plea must advise the defendant of the applicable mandatory minimum and maximum penalties. Fed. R. Crim. P. 11(b)(1)(H), (I). Here, by failing to so advise Leitch of the mandatory minimums and maximums when taking his plea, the district court erred and that error was plain. This error, however, did not affect Leitch's substantial rights. To show that the error affected his substantial rights, Leitch must establish that there is a "reasonable probability that, but for the error, he would not

2

have entered the plea." *United States v. Borowy*, 595 F.3d 1045, 1049 (9th Cir. 2010), *quoting United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005). Because Leitch was accurately advised of the applicable mandatory minimum and maximum terms of imprisonment and supervised release on several occasions prior to his change of plea, he has not shown that he would have declined to enter the plea but for the district court's error.

Next, Leitch contends that the district court erred by failing to advise him of his right to a unanimous jury verdict. We review the adequacy of a jury-trial waiver de novo. *United States v. Shorty*, 741 F.3d 961, 965 (9th Cir. 2013). Rule 23(a) requires that if a defendant is entitled to a jury trial, the trial must be by jury unless, among other things, the defendant waives his right to a jury trial in writing. Fed. R. Crim. P. 23(a).

Here, the district court did not obtain, and the government did not request, a written jury waiver from Leitch before proceeding to a bench trial. The government and the district court should have followed Rule 23. However, "[a]lthough Rule 23 states that the waiver must be in writing, we have held that under certain circumstances an oral waiver may be sufficient." *Shorty*, 741 F.3d at 966. One such circumstance "is where the record clearly reflects that the defendant 'personally gave express consent in open court, intelligently and knowingly.'"

*United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir. 1985), *quoting United States v. Reyes*, 603 F.2d 69, 71 (9th Cir. 1979). Our record reflects that Leitch's oral waiver was knowing and intelligent. Accordingly, despite the failure to follow Rule 23, Leitch's oral waiver in this case was sufficient.

**AFFIRMED.**