NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 6 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PABLO BARAHONA-CASTRO,

Defendant - Appellant.

No. 24-264

D.C. No.
2:23-cr-01379-JJT-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted February 4, 2025[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Pablo Barahona-Castro appeals his sentence of 39 months' imprisonment

followed by three years of supervised release for a conviction under 8 U.S.C.

§ 1326(a) and enhanced under 8 U.S.C. § 1326(b)(1). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291 and we affirm.

Barahona-Castro concedes that he waived his right to appeal in his plea agreement. But he argues that the appellate waiver is unenforceable because the magistrate judge incorrectly stated that the maximum sentence for his offense was two years, violating Rule 11 of the Federal Rules of Criminal Procedure. "An appeal waiver will not apply if . . . a defendant's guilty plea failed to comply with [Rule 11.]" *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (citing *United States v. Portillo-Cano*, 192 F.3d 1246, 1252 (9th Cir. 1999)). Because Barahona-Castro did not object to the alleged Rule 11 violation, we review for plain error. *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 80 (2004). "To establish plain error the defendant must show '(1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity[,] or public reputation of the judicial proceedings.'" *United States v. Borowy*, 595 F.3d 1045, 1049 (9th Cir. 2010) (quoting *United States v. Benz*, 472 F.3d 657, 658–59 (9th Cir. 2006)).

The government concedes the first two elements of the plain error analysis. But Barahona-Castro fails to show that the error affected his substantial rights because he requested a custodial sentence exceeding two years' imprisonment and received a substantial benefit from his guilty plea—the termination of supervised release in a different criminal case. *See id.* at 1050. Given these facts, and his statement during the sentencing hearing that he had reviewed and did not object to

the presentence investigation report, which correctly identified the maximum sentence as ten years' imprisonment and three years of supervised release, he has also not shown that the error affected the fairness, integrity, or public reputation of the judicial proceedings. *Cf. Benz*, 472 F.3d at 661 (explaining that because the record suggested that the defendant was unaware of the mandatory minimum sentence at sentencing, the failure to inform him of such affected the fairness, integrity, or public reputation of the judicial proceedings). Barahona-Castro's appellate waiver is therefore enforceable. We affirm his sentence.

**AFFIRMED.**