FILED

NOT FOR PUBLICATION

JAN 14 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30116 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00091-LRS-1 |
| v. | |
| JOHNATHON JAMES BARNETT, aka Jonathan James Barnett, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Submitted January 12, 2011[**]
Seattle, Washington

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

Defendant Johnathon Barnett timely appeals from the district court's denial

of his motion to suppress evidence. Defendant argues that a police officer stopped

him without reasonable suspicion and searched his truck without probable cause.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

Reviewing de novo, United States v. Borowy, 595 F.3d 1045, 1047 (9th Cir. 2010) (per curiam), cert. denied, 2010 WL 3485625 (U.S. Dec. 6, 2010) (No. 10-6243), we affirm.

The police officer had reasonable suspicion to stop Defendant. See United States v. Hensley, 469 U.S. 221, 229 (1985) ("[I]f police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then a Terry[1] stop may be made to investigate that suspicion."). The officer noticed Defendant's truck parked at a convenience store within a few miles of an armed robbery that had taken place just two hours before. Defendant's truck, like the robber's, was a white, older model 1/4 ton pick-up with rust spots and its license plate began with an "A." Defendant, like the robber, was a white male, 6'0 to 6'2 tall, with dark hair and a goatee. Under the totality of the circumstances, the officer had a reasonable suspicion that Defendant committed the robbery.

The police officer also had probable cause to think that Defendant had illegal drugs in his truck when she searched it. After a search of Defendant's person, which Defendant does not challenge, the officer found two vials of a kind commonly used to store illegal drugs. Inside of one of the vials, the officer found a

---

[1] Terry v. Ohio, 392 U.S. 1 (1968).

white residue.  That evidence gave the officer probable cause to think that there were more drugs in the truck.  Under the automobile search exception, the officer therefore could conduct a warrantless search of Defendant's truck for drugs.  See United States v. Brooks, 610 F.3d 1186, 1193 (9th Cir. 2010) ("Under the automobile exception to the warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime.").

AFFIRMED.