**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50537 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00603-SVW-1 |
| v. | |
| JORDY EZEQUIEL OCHOA, AKA Jordy Ochoa, AKA Jordy Ezequil Ochoa-Cordova, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 5, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Jordy Ezequiel Ochoa ("Ochoa") appeals his conviction and sentence

following a guilty plea to one count of illegal reentry following deportation, in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

affirm his conviction through a guilty plea, vacate his sentence, and remand for resentencing.

1.     Ochoa claims that his guilty plea was not knowing, voluntary, and intelligent, because the district court failed to discuss the sentencing guidelines and other sentencing factors under 18 U.S.C. § 3553(a), as required by Federal Rule of Criminal Procedure 11(b)(1)(M).  Because Ochoa failed to raise this issue below, we review for plain error.  *United States v. Collins*, 684 F.3d 873, 881 (9th Cir. 2012).  Although the district court violated Rule 11(b)(1)(M), the error did not affect Ochoa's substantial rights.  *See United States v. Borowy*, 595 F.3d 1045, 1049 (9th Cir. 2010) ("To show that the error affected his substantial rights, [defendant] must prove that there is a reasonable probability that, but for the error, he would not have entered the plea." (internal quotation marks omitted)).  The government's overall case was strong, and Ochoa failed to identify any defenses.  Further, by the time of the sentencing hearing, Ochoa was clearly aware of how the sentencing guidelines operated; yet, he did not withdraw his plea.  Viewing the entire record, we find that the district court's error was inconsequential to Ochoa's decision to plead guilty.  *See id.* (stating that in determining whether the error affected substantial rights, we consider the overall strength of the government's case and any possible defenses, evidence showing that any misunderstanding was

2

inconsequential to the defendant's decision, and evidence that might have affected the defendant's choice regardless of any Rule 11 error). Because Ochoa has failed to establish plain error, we affirm his conviction.

2. Next, Ochoa argues that the district court plainly erred by concluding that his conviction under Cal. Penal Code § 12021(a)(1) qualified as an aggravated felony.[1] We agree. To determine whether a particular offense qualifies as an aggravated felony, the district court must apply the *Taylor* categorical and modified categorical frameworks. *Carlos-Blaza v. Holder*, 611 F.3d 583, 587–88 (9th Cir. 2010); *Young v. Holder*, 697 F.3d 976, 982 (9th Cir. 2012) (stating that *Taylor* "establish[es] the rules by which the government may use prior state convictions to enhance certain federal sentences and to remove certain aliens"). The district court's failure to do so clearly affects Ochoa's substantial rights and the fairness of the judicial proceeding, because the record is insufficient to establish that Ochoa was convicted of an aggravated felony. Therefore, we vacate the sentence. Because the matter is remanded for sentencing, we need not reach Ochoa's remaining sentencing claims.

---

[1] The government argues that, because defense counsel conceded below, the invited error doctrine bars review of the district court's decision. We disagree because there is no evidence that Ochoa "deliberately waived" his right to challenge this determination. *See United States v. Gallegos-Galindo*, 704 F.3d 1269 (9th Cir. 2013).

3

3.      We deny the government's request for judicial notice of the verdict form and the jury instructions given in Ochoa's state court proceedings.  Whether these documents show that Ochoa was convicted of possession of a firearm, rather than ownership of the firearm, is subject to reasonable dispute.  Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute . . . .").  On remand, the parties may submit documents permissible under *Shepard v. United States*, 544 U.S. 13, 26 (2005).  *See United States v. Castillo-Marin*, 684 F.3d 914, 927 (9th Cir. 2012) (permitting the government to submit additional documents on remand).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**