**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50027 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04135-DMS-1 |
| v. | |
| RAMIRO PABLO-LEPE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 7, 2014[**]
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

Ramiro Pablo-Lepe pleaded guilty. The magistrate judge who accepted his

guilty plea informed him that he had a right to confront and cross-examine

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

witnesses, a right to present a defense, and a right not to testify. But the magistrate

judge erroneously failed to inform him that he also had a right to testify. Federal

Rule of Criminal Procedure 11(b)(1) says:

> Before the court accepts a plea of guilty . . . the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following: . . .
>
>> (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses

Neither the defense nor the prosecution advised the magistrate judge of his

error. We review for plain error under United States v. Benz, 472 F.3d 657,

658–59 (9th Cir. 2006). Pablo-Lepe's burden is to show a "reasonable probability

that, but for the error, he would not have entered the plea." United States v.

Borowy, 595 F.3d 1045, 1049 (9th Cir. 2010) (citation omitted). Among the

considerations in making this determination are, "the overall strength of the

Government's case and any possible defenses that appear from the record,

evidence tending to show that a misunderstanding was inconsequential to the

defendant's decision, and evidence indicating the relative significance of other

facts that may have borne on his choice regardless of any Rule 11 error." Id. (internal quotation marks and citation omitted).

There is nothing in the record that diminishes the "overall strength of the Government's case," nor anything that shows "any possible defenses." Id. To the contrary, the record shows that the magistrate judge's mistake was "inconsequential" to Pablo-Lepe's decision to plead guilty. Id. So far as the record shows, there is no "reasonable probability that, but for the error, he would not have entered the plea." Id.

**AFFIRMED.**