**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50519 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02856-IEG-1 |
| v. | |
| ROBERT JOHN MCGILL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50244 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02856-IEG-1 |
| v. | |
| ROBERT JOHN MCGILL, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

Robert McGill appeals a judgment of conviction and a life sentence imposed after he pleaded guilty to second degree murder in violation of 18 U.S.C. §§ 7(8) and 1111(b).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      McGill argues that the district court erred by allowing the clerk to take his guilty plea before it conducted a Rule 11 colloquy.  Federal Rule of Criminal Procedure 11(b)(1), however, requires only that  the colloquy occur before the district court "accepts a plea of guilty," and the judge did not accept McGill's plea until after conducting the colloquy.

2.      McGill also asserts that the court erred by failing to question him in open court about all matters listed in Rule 11(b)(1).  But, many of the critical rights that McGill waived by pleading guilty were set forth in a written plea agreement that McGill signed three days before entering his plea. McGill  told the district judge that he had reviewed the plea agreement with his attorneys, and counsel so confirmed. More importantly, McGill did not object contemporaneously to any inadequacies in the colloquy.  A defendant "who lets Rule 11 error pass without objection in the trial court . . . has the burden to satisfy the plain-error rule and . . . a reviewing court may consult the whole record when considering the effect of any error on substantial rights."  *United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  We may vacate the

2

sentence only if a defendant establishes a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Borowy*, 595 F.3d 1045, 1049 (9th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005)). McGill has not met that burden. And, because the record as a whole demonstrates the plea was entered voluntarily and knowingly, we reject McGill's argument that any omitted information resulted in structural error.

3. McGill also argues that the district court erred when it denied his motion to withdraw his plea because, when he made the motion, only the custodial portion of his sentence had been imposed and the district court had not yet ordered any restitution. McGill argues that the judgment was therefore not final when he made his motion and that, accordingly, he was entitled to withdraw his guilty plea for any "fair and just reason." We disagree. McGill's sentence was final even though the amount of restitution had not yet been determined. *See* 18 U.S.C. § 3582(b)(3) (stating that a judgment that includes a sentence of imprisonment is a final judgment).

4. McGill contends that the district court erred procedurally in determining his sentence by finding facts that it previously stated it would not rely upon in sentencing, not giving an adequate explanation for an upward departure, and failing to consider fully the sentencing factors in 18 U.S.C. § 3553(a). The district court,

3

however, relied only upon facts that were uncontested or apparent on the face of the record, adequately justified its upward departure based upon the heinous nature of the crime, and appropriately considered the § 3553(a) factors in arriving at its sentence.

5.      The district court did not impose a substantively unreasonable sentence. The court noted the brutal nature of the murder, the suffering of the victim, and the special relationship of trust McGill had with the victim—his wife. McGill's disagreement with the district court's weighing of the § 3553(a) factors does not render the sentence substantively unreasonable.

6.      The district court did not err in denying McGill a third level of reduction for acceptance of responsibility. The government has discretion whether to file a motion for a third level of reduction for acceptance of responsibility, and its refusal to do so in this case was neither arbitrary nor for unconstitutional reasons. *United States v. Espinoza-Cano*, 456 F.3d 1126, 1136 (9th Cir. 2006).

7.      The district court did not use judge-found facts to impose a sentence in violation of the Sixth Amendment. The sentence imposed was within the statutory range permitted by guilty plea alone. In any event, the court relied only on uncontroverted facts in imposing sentence.

**AFFIRMED.**