

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50302 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00082-SVW-1 |
| v. | MEMORANDUM* |
| JESUS AGUILAR-GARCIA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 20, 2014
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and ZOUHARY, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge, Northern District of Ohio, sitting by designation.

Defendant-Appellant Jesus Aguilar-Garcia ("Aguilar-Garcia") appeals the district court's rejection of his Federal Rule of Criminal Procedure 11(c)(1)(C) sentence bargain. He also appeals his 60-month sentence for illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the conviction, but vacate the sentence and remand for resentencing on an open record.

1. The district court provided specific reasons, rooted in the circumstances of this case, for rejecting the sentence bargain. It therefore did not abuse its discretion. *See In re Morgan*, 506 F.3d 705, 711–12 (9th Cir. 2007). Moreover, Aguilar-Garcia fails to show that any error under Federal Rule of Criminal Procedure 11(c)(5)(C) or 32(i)(4)(A)(iii) affected his substantial rights. *See United States v. Borowy*, 595 F.3d 1045, 1049–50 (9th Cir. 2010); *United States v. Waknine*, 543 F.3d 546, 552 (9th Cir. 2008).

2. In imposing the 60-month sentence, the district court correctly found that California Health & Safety Code § 11378 is divisible within the meaning of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and therefore subject to the modified categorical approach. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 831 n.3 (9th Cir. 2014) (concluding Cal. Health & Safety Code § 11378 is divisible); *see also Coronado*

*v. Holder*, 759 F.3d 977, 984–85 (9th Cir. 2014) (holding similarly-structured statute Cal. Health & Safety Code § 11377(a) is divisible).

4.      However, in conducting the modified categorical approach, the district court plainly erred by relying solely on the presentence report's ("PSR") description of Aguilar-Garcia's conviction under California Health & Safety Code § 11378.[1] *See United States v. Castillo-Marin*, 684 F.3d 914, 920–22 (9th Cir. 2012). As in *Castillo-Marin*, 684 F.3d at 927, we remand on an open record, so as to provide the Government with the opportunity to submit acceptable evidence of the factual basis of Aguilar-Garcia's conviction. Our remand also allows the district court an opportunity to provide a fuller explanation of its decision to sentence Aguilar-Garcia to an above-Guidelines term that was double the sentence recommended by the Government. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("[A] statement of reasons [in support of a sentence] is important. The sentencing judge should set forth enough to satisfy the appellate court that [the judge] has considered the parties' arguments and

---

[1]      *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 433 (9th Cir. 2011) is inapposite because there, the PSR identified specific, judicially noticeable court documents on which it relied, and "evidently quoted from state court documentation." Here, the PSR refers broadly to "court documents" and, more specifically, the state court complaint and an arrest report, neither of which may be used under the modified categorical approach. *See id.* at 432–33. Nor does *Perez-Mejia v. Holder*, 663 F.3d 403, 409–17 (9th Cir. 2011), decided in the context of an immigration proceeding, require a different result.

has a reasoned basis for exercising [the judge's] own legal decisionmaking authority."); *see also United States v. Trujillo*, 713 F.3d 1003, 1010–11 (9th Cir. 2013) (vacating above-Guidelines sentence where court merely stated it considered all the sentencing factors, because Rita "is concerned with explanation, not merely consideration" (emphasis in original)).

AFFIRMED in part, VACATED in part, and REMANDED.

4