FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30280 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00122-RMP-1 |
| v. | |
| SANTIAGO VELAZQUEZ MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Submitted November 19, 2014[**]
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Santiago Velazquez Martinez appeals his conviction, specifically

challenging the denial of his motion to suppress.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the district court's denial of a motion to suppress *de novo* and review underlying findings of fact for clear error. *United States v. Rogers*, 656 F.3d 1023, 1026 (9th Cir. 2011). Whether an individual has a reasonable expectation of privacy in property is a question of law reviewed *de novo*. *United States v. Heckenkamp*, 482 F.3d 1142, 1146 (9th Cir. 2007).

The motion concerned evidence garnered from shared files made available via peer-to-peer ("P2P") software. This case does not differ significantly from *United States v. Ganoe*, 538 F.3d 1117 (9th Cir. 2008) and *United States v. Borowy*, 595 F.3d 1045 (9th Cir. 2010). In *Ganoe*, we held that a person using a P2P network had no reasonable expectation of privacy in files shared when there is a warning given. *Ganoe*, 583 F.3d at 1146. Martinez received a warning that his files would be made public to anyone on the network if stored in his shared folder. The point of "shared" file is that they can be viewed and obtained by others, meaning that Martinez could not reasonably have expected them to remain private. The use by law enforcement of proprietary forensic software packages that revealed information, such as hash values and IP addresses, did not make the search unlawful, as there was no reasonable expectation of privacy in this information, either. It was available to others, even though they may not have known how to view it. *Borowy*, 595 F.3d at 1046, 1048.

Martinez's argument that the property-based test of *United States v. Jones*, – U.S. –, 132 S. Ct. 945 (2012), applies is unpersuasive. Even assuming that the transmission of electronic signals is somehow subject to the property-based test, Martinez put the files in plain view. *See Ganoe*, 538 F.3d at 1127 ("To argue that Ganoe lacked the . . . sense to configure [the P2P network] to prevent access to his pornography files is like saying that he did not know enough to close his drapes.").

**AFFIRMED**.