**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>YARITZA MAYELIN BORQUEZ-<br>GONZALEZ,<br><br>    Defendant-Appellant. | No. 17-10303<br><br>D.C. No. 4:15-cr-00232-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted June 12, 2018[**]

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Yaritza Mayelin Borquez-Gonzalez appeals from the district court's

judgment and challenges the 10-month sentence imposed upon revocation of

probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Borquez-Gonzalez contends that the district court procedurally erred by

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failing to inform her prior to imposing sentence that it intended to reject the parties' revocation disposition agreement, which recommended a sentence between four and seven months. Because Borquez-Gonzalez did not raise this objection in the district court, we review for plain error. *See United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). Federal Rule of Criminal Procedure 11 does not apply to revocations of probation. *See United States v. Segal*, 549 F.2d 1293, 1296-1300 (9th Cir. 1977) (Rule 11 and the full panoply of safeguards under *Boykin v. Alabama*, 395 U.S. 238 (1969), do not apply to revocations of probation). While the agreement should have made clear that the court would not be bound by the parties' stipulated sentence, Borquez-Gonzalez has not demonstrated a reasonable probability that but for the alleged error, she would have elected to withdraw her admission to the probation violations rather than proceed to sentencing. *See United States v. Borowy*, 595 F.3d 1045, 1049-50 (9th Cir. 2010).

We also conclude that the district court did not plainly err in its explanation of the sentence. While the court's explanation was brief, its questions and the record as a whole reflect the court's consideration of Borquez-Gonzalez's mitigating arguments and its reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Borquez-Gonzalez finally argues that her sentence is substantively unreasonable. The district court did not abuse its discretion. *See Blinkinsop*, 606

17-10303

F.3d at 1116. The within-Guidelines sentence is substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Borquez-Gonzalez's decision to abscond for almost two years. *See Blinkinsop*, 606 F.3d at 1116.

**AFFIRMED.**