NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30191 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00068-DCN-1 |
| v. | |
| TYRA DANYAL CASTILLO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted October 5, 2021**
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Tyra Castillo appeals her sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). We dismiss the appeal because Castillo knowingly and voluntarily waived her right to appeal as part of her plea agreement.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"As a general rule, '[a] waiver of appellate rights is enforceable if (1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (quoting *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2016)). Castillo argues that a claimed defect in the Federal Rule of Criminal Procedure 11 plea colloquy rendered her waiver of appellate rights unknowing. Because she did not object to the Rule 11 colloquy in the district court, we review for plain error. *See United States v. Ferguson*, 8 F.4th 1143, 1145–1146 (9th Cir. Aug. 17, 2021). To establish plain error, Castillo must show "(1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id.* (quoting *United States v. Borowy*, 595 F.3d 1045, 1049 (9th Cir. 2010) (per curiam)).

Even though Rule 11(b)(1)(N) generally requires the district court "to inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence," we have explained that "[t]he failure of [the] court to do so . . . is not plain error where evidence in the record shows that the defendant waived appellate rights knowingly and voluntarily." *Lo*, 839 F.3d at 784; *see also* Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights."). "In making this determination, we look 'to the circumstances

2

surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily.'" *Lo*, 839 F.3d at 784 (quoting *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996)).

In this case, the record as a whole shows that Castillo's waiver of appellate rights was knowing and voluntary. The language in the plea waiver is clear and covers the instant appeal. Castillo expressly "waive[d] any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence . . . ." The plea agreement carved out three specific situations when the waiver of the right to appeal did not apply, but those are not implicated here. The waiver also states its consequences in plain terms: "The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal . . . ." In accepting the plea agreement, Castillo and her counsel also both signed statements confirming that they understood the rights Castillo was relinquishing when pleading guilty.

In addition, the district court at the plea colloquy confirmed that Castillo "understood every provision of the plea agreement" before signing it and that Castillo had reviewed "every provision in the plea agreement with [her] attorney." The district court also specifically asked: "Do you understand that [the] plea agreement contains a provision whereby you are waiving or giving up some or all of your right to appeal the conviction and/or the sentence, or to pursue habeas corpus relief?" Castillo answered: "Yes, sir." The district court also again reminded

Castillo of her waiver of the right to appeal at sentencing.

Thus, "[t]he whole record," *United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002), including the language of the plea agreement and the proceedings before the district court, confirms that Castillo knowingly and voluntarily waived her right to appeal her sentence.[1]

**DISMISSED.**

---

[1] Castillo points to no appellate or Supreme Court case holding that an appeal waiver could be invalid due to its breadth. To the contrary, we have held that "a defendant can validly waive appeal rights without being informed of the severity of the sentence that will be imposed." *Lo*, 839 F.3d at 784. Accordingly, the breadth of this appeal waiver is not plain error.