**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN GALAL VANDYCK, | No. 23-15198 |
| Petitioner-Appellant, | D.C. Nos. 4:21-cv-00399-CKJ |
| v. | 4:15-cr-00742-CKJ-MSA-1 |
| UNITED STATES OF AMERICA, | |
| Respondent-Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted April 1, 2024
Phoenix, Arizona

Before: HAWKINS, BADE, and DESAI, Circuit Judges.

Ryan VanDyck appeals the district court's denial of his motion under 28

U.S.C. § 2255. VanDyck was convicted on one count of conspiracy to produce

child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of

possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and

(b)(2). We have jurisdiction under 28 U.S.C. §§ 1291 and 2255(d). We review de

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

novo a district court's denial of a § 2255 motion, and we review factual findings for clear error. *See United States v. McMullen*, 98 F.3d 1155, 1156 (9th Cir. 1996); *Doganiere v. United States*, 914 F.2d 165, 167 (9th Cir. 1990).

In March 2014, America Online, Inc (AOL) identified an email attachment as appearing to contain child pornography. AOL sent a report to the National Center for Missing and Exploited Children, which traced the email to Tucson, Arizona, and forwarded it to local police. The police opened the attachment without a warrant, determined that the email's IP address was associated with VanDyck's residence, and then executed a search warrant on that address. Hundreds of videos and images of child pornography were discovered on VanDyck's electronic devices. After VanDyck was indicted, his trial counsel moved to suppress the attachment on multiple grounds, including that the affidavit and request for extension contained material misrepresentations. The district court denied these motions to suppress, VanDyck was convicted on both counts following a bench trial, and this court affirmed on direct appeal. *United States v. VanDyck*, 776 F. App'x 495 (9th Cir. 2019) (unpublished memorandum).

VanDyck moved for relief from his sentence under § 2255, arguing that his trial counsel was ineffective because he failed to raise a Fourth Amendment challenge to the police opening the jpeg attachment to the AOL email without a warrant, and that appellate counsel on direct appeal was ineffective because she

failed to challenge the extension of a search warrant deadline that was allegedly based on knowingly false statements. The district court denied the motion. We affirm the district court's denial of VanDyck's claim that trial counsel was ineffective, and deny a certificate of appealability on VanDyck's claim that appellate counsel was ineffective.

1. The district court correctly denied VanDyck's ineffective assistance of trial counsel claim because counsel could have reasonably concluded that the motion to suppress would fail. To succeed on an ineffective assistance of counsel claim, the defendant must show (1) that his counsel's performance "fell below an objective standard of reasonableness" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Trial counsel could have reasonably concluded that VanDyck lacked a reasonable expectation of privacy in the email attachment and therefore decided not to move to suppress the attachment on the basis VanDyck asserts now, and instead decided to assert several other arguments.

Specifically, trial counsel could have reasonably concluded that AOL's Terms of Service (TOS) and Privacy Policy eliminated VanDyck's reasonable expectation of privacy in the attachment because the TOS and Privacy Policy included express terms notifying users that AOL monitored their accounts and would disclose suspected illegal activity. *See United States v. Ganoe*, 538 F.3d

1117, 1127 (9th Cir. 2008); *United States v. Borowy*, 595 F.3d 1045, 1048 (9th Cir. 2010). Trial counsel also could have reasonably concluded that the district court would find that opening the attachment was permissible under exceptions to the warrant requirement, including the private-search doctrine and the third-party doctrine. *See United States v. Jacobsen*, 466 U.S. 109, 123 (1984) (private-search doctrine); *United States v. Miller*, 425 U.S. 435, 442–43 (1976) (third-party doctrine).

Therefore, because trial counsel could have reasonably decided not to move to suppress the attachment for any of these reasons, or a combination of these reasons, the district court did not err in concluding that VanDyck did not receive ineffective assistance of counsel and denying the first claim in VanDyck's § 2255 motion. *See Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) (explaining that "[c]ounsel is not necessarily ineffective for failing to raise even a nonfrivolous claim"); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (explaining that counsel "cannot be required to anticipate" a later judicial decision).

2. We decline to issue a certificate of appealability as to the ineffective assistance of appellate counsel claim. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find debatable the district court's conclusion that VanDyck's ineffective assistance of

4

appellate counsel claim was frivolous. The district court correctly denied the motion to suppress based on the warrant extension after holding an evidentiary hearing in which officers testified they needed an extension because they learned VanDyck would not be in town the day they intended to execute the search warrant. Therefore, any reasonable jurist would conclude that appellate counsel was not ineffective for failing to challenge the extension. *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) ("[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal.").

We **AFFIRM** the district court's denial of VanDyck's § 2255 motion as to his claim that trial counsel was ineffective, and **DENY** the certificate of appealability on his claim that appellate counsel was ineffective.